YU XIU LIN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–5653–ag.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Yu Xiu Lin, a native and citizen of the People's Republic of China, seeks review of a November 30, 2007 order of the BIA affirming the January 12, 2006 decision of Immigration Judge ("IJ") Robert Weisel denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Xiu Lin,* No. A 98 595 534 (B.I.A. Nov. 30, 2007), *aff'g* No. A 98 595 534 (Immig. Ct. N.Y. City Jan. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this court reviews the IJ's decision as modified by the BIA decision, *i.e.,* minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003).

As a preliminary matter, issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Lin acknowledges the BIA's finding that she failed to establish past persecution, but refrains from challenging it. Lin also fails to address the BIA's determination that her claim based on resistance to an arranged marriage lacked a nexus to a statutorily protected ground. Because Lin has failed to challenge the BIA's nexus and past persecution findings before this court, and because addressing these challenges does not appear to be necessary to avoid manifest injustice, we deem any such arguments abandoned. *See LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.' ").

Turning to the merits, we conclude that substantial evidence supports the agency's finding that Lin did not demonstrate a well-founded fear of persecution in China. The BIA determined that Lin had failed to meet her burden of proof because her testimony that a man whom she refused to marry threatened to inform the authorities of her continued involvement with Falun Gong was "vague and lacking specific detail." "[T]estimony is 'too vague' if it doesn't identify facts corresponding to each of the elements of one of the 'refugee'

categories of the immigration statutes." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003), *overruled on other grounds by Shi Liang Lin v. United States Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc). Lin's testimony was vague on the element of "a well-founded fear of persecution," 8 U.S.C. § 1101(a)(42) (defining "refugee"), because she did not identify facts indicating either that her fear was objectively reasonable or that what she feared constituted persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (stating that applicant must present "reliable, specific, objective supporting evidence to show objective fear of future persecution"). Lin stated only that, because of her involvement with Falun Gong, "coupled with the fact that [she] departed China illegally," the Chinese government would incarcerate her for an unspecified duration. Lin failed to point to any facts demonstrating that her unidentified suitor had followed through with his threat to report her to Chinese authorities or was likely to do so on her return to China. Nor did she testify to facts indicating that Chinese authorities would heed his report. Accordingly, we cannot conclude that the agency overlooked evidence establishing that Lin had an objective, well-founded fear of persecution.

While we agree with Lin that the BIA, in finding that she failed to demonstrate a well-founded fear of persecution in China, improperly relied on the fact that she knew only two of the five Falun Gong movements, remand is not required because we can confidently predict that the agency would have reached the same decision, even absent any errors. *See Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006).

Because Lin was unable to show the objective likelihood of persecution needed

to make out an asylum claim based on her practice of Falun Gong or her arranged marriage, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and CAT relief, to the extent they shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).